## Isabella Morris *v.* L. M. Morris, Appellant.

*Contract—Consideration, good and valuable—Question for jury.*

Where some considerations, advanced to sustain an executory contract, standing alone, although good might not be valuable, yet if taken together they constituted a sufficient consideration to support an alleged contract, the court was authorized in leaving to the jury the question whether the contract was made as alleged and whether the alleged considerations existed.

Argued April 28, 1898. Appeal, No. 31, April T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1895, No. 836, on verdict for plaintiff. Before WICK-HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit.  Before COLLIER, J.

It appears from the evidence that this was an action in assumpsit brought by the plaintiff against the defendant, the father of her husband, to recover the sum of $5.00 per week which she alleged the defendant promised to pay her for the support of herself and her child so long as she should refrain from further proceedings against her husband on account of his separation from and neglect to maintain her and her child, in consideration of her proceeding no further with a prosecution for desertion which she had entered against her husband. The claim of the plaintiff was for a period from December 28, 1893, until some time in April or May, 1895, she admitting that she received the sum of $5.00 per week in the interim between the 17th of April, 1893, and December 28, 1893.

The defendant claimed that there was no specified time during which the sum of $5.00 a week was to be paid; and that, inasmuch as there was no consideration either of forbearance or of value received for his promise, he could at any time cease payments without liability to the plaintiff.  He also claimed that as the defendant had herself committed such a breach of the contract by bringing a suit for divorce against her husband on the ground of desertion prior to any alleged default on his part he was absolved from making her any further allowance.

Verdict and judgment for plaintiff for $364.  Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*S. B. Schoyer*, with him *S. Schoyer, Jr.*, and *Wm. Kaufman*, for appellant.—There could be nothing for the jury to determine and, therefore, it became the duty of the court to decide what effect the bringing of the divorce suit had upon the case : Corcoran v. Ins. Co., 179 Pa. 132; Snyder v. Steinmetz, 6 Pa. Superior Ct. 341.

If there is evidence from which the jury can reasonably find the question for the party on whom rests the burden of proof, it should be submitted.  If not, it should be withheld from the jury : McKnight v. Bell, 135 Pa. 358.

The appellant submits that in the case at bar, since there is

no evidence to rebut any of the facts upon which this case should have been decided by the court,—where in short these facts are indisputable,—the underlying principle of the Snyder v. Steinmetz case, as quoted in the opinion, must be applied and enforced without any qualification. This court followed and applied the rule in Rothschilds Co. v. McLaughlin, 6 Pa. Superior Ct. 347.

*D. F. Patterson,* for appellee.—Upon the question of consideration, it is said in 1 Beach on Contracts, 204, sec. 170: "Whenever there is an agreement to forbear bringing suit for a debt due, for an indefinite time, if followed by actual forbearance for a reasonable time, this is a good consideration for a promise to pay the debt by a person other than the debtor:" Bank v. Parker, 130 N. Y. 415; Hind v. Holdship, 2 Watts, 104.

Aside from this, there was an obligation upon the appellant as grandfather to support the appellee's child, although its father is living: Guardians of the Poor v. Smith, 4 Clarke, 60; Seibert's Appeal, 19 Pa. 49; Duffey v. Duffey, 44 Pa. 399.

The causes that relieve a husband from maintenance are only such as would entitle him to a divorce: Sterling v. Com., 2 Grant, 162; Com. v. Shafer, 1 Luz. Leg. Reg. 221.

OPINION BY BEAVER, J., July 29, 1898:

This case was, on the whole, one for the jury. The plaintiff was not only a wife but a mother. Her child, the granddaughter of the defendant, lived with and was maintained by her. There was sufficient consideration for the contract alleged to have been made for the payment of $5.00 per week to the plaintiff. We have: first, the natural love and affection of father for son; second, the desire to avoid the family disgrace occasioned by proceedings against the son for desertion; third, the compromise of these proceedings, if they were pending at the time of the making of the contract; fourth, the ultimate liability of the grandfather for the support of his grandchild under the act of June 13, 1836. Some of these considerations, standing alone, although a good, might not be a valuable, consideration which would support an executory contract. Taking them together, however, we think the court below was clearly right in holding that they constituted a sufficient con-

sideration to support the contract alleged in the plaintiff's statement.

The statement is not printed by either appellant or appellee and we are left to gather its contents as best we may from the quotations made by the appellant in his argument. Was the contract made as alleged? Did it relate to the compromise of proceedings against the plaintiff's husband for desertion then pending and was it to continue until similar proceedings might be prosecuted in the future? These were questions of fact for the jury, based upon contradictory testimony and which might have been found either way, under the evidence. They were questions of fact, however, pure and simple. They were fairly submitted to the jury for their finding.

A careful examination of the record fails to disclose any error which will justify an interference with the judgment. It is, therefore, affirmed.